IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIVIAN R. CLARKE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-647-SLR |
| | ) |
| P & A ENGINEERING, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Vivian R. Clarke brings this civil rights action pursuant to 42 U.S.C. § 1981(a) and § 1985(3). She appears pro se and on September 19, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 7) The Court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, with leave to amend.

**I.  THE COMPLAINT**

Plaintiff, who is engaged in the dump truck business, appears to allege that she was discriminated against on the basis of race, when the defendants wrongfully terminated her dump truck services. She also alleges that the defendants conspired to cause the demise of her business. Plaintiff alleges that an agent/representative/employee of the defendant(s) caused damage to the tailgate of her truck. Finally, she alleges a breach of contract by defendants.

There are no specific names mentioned in the complaint, and defendants are referred to simply as "defendant(s)". However, attached to the complaint is a letter on P & A Engineering letterhead, signed by Arthur C. Adams, General Manager of the Asphalt Division of P & A Engineering. The letter refers to damage to plaintiff's truck.

Plaintiff filed a motion for damages (D.I. 4) which the Court construes as an amendment to the complaint adding a prayer for damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only

be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the Court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

#### A. 42 U.S.C. § 1981

Plaintiff alleges that her professional dump truck services were terminated on the basis of race.

Section 1981(a) prohibits discrimination on the basis of race in the making and enforcement of private contracts. Runyon v. McCrary, 427 U.S. 160 (1976). The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

It is unclear from the complaint what defendant(s) were allegedly involved in the termination of services provided by plaintiff. As it now stands, the complaint contains insufficient allegations to state a claim under § 1981.

#### B. 42 U.S.C. § 1985

Plaintiff alleges that an unlawful conspiracy "compelled"

3

her "to go out of business." She also alleges she could not seek contracts with other firms due to damage to the tailgate of her truck caused by the agent/representative/employee of the tortfeasor defendant.

Civil rights conspiracy claims that are based only on suspicion and speculation instead of fact do not state a claim. See Young v. Kann, 926 F.2d 1396, 1405 (3d Cir. 1991). More so, actionable conspiracy claims pursuant to 42 U.S.C. § 1985(3) must include an allegation that the conspiracy was motivated by race or class-based invidious discrimination. See Griffin v. Breckenridge, 403 U.S. 88 (1971).

Quite simply, the complaint contains insufficient allegations to state a claim under 42 U.S.C. § 1985(3).

### C. Pleading Deficiency

Plaintiff provides no details regarding the alleged actions of defendants Billy Balberson, Engineering Company, Inc. and Mark Eisenhower. They are merely named in the caption of the complaint. Similarly, Judy Kitchen is not named in the body of the complaint. The only mention of Kitchen is in the Arthur Adams' letter indicating that in the future, plaintiff should report damage claims to Kitchen at P & A Engineering.

Pro se plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v.

4

Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). Nonetheless, plaintiff's complaint "lack[s] enough detail to ... serv[e] its function as a guide to discovery." Alston v. Parker, 363 F.3d at 253 (internal citations omitted). As currently presented, the claims against Kitchen and Balberson present no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325.

### D. Supplemental State Claims

In reading the complaint it seems that plaintiff attempts to allege a breach of contract claim and a property damage claim pursuant to state law. As with the other claims, the complaint does not contain sufficient allegations to state such claims.

### IV. Appointment of Counsel

Plaintiff filed a motion for appointment of counsel. (D.I. 3) Plaintiff, as a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this Court's discretion to seek representation by counsel for plaintiff. This is done "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d

147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, the Court finds that representation by counsel at this time is not warranted. The motion for appointment of counsel (D.I. 3) is denied without prejudice with leave to renew should this matter proceed to the service stage.

## V. CONCLUSION

NOW THEREFORE, at Wilmington this *15th* day of December, 2005, IT IS HEREBY ORDERED that

1. Plaintiff's motion for appointment of counsel (D.I. 3) is DENIED without prejudice with leave to renew.

2. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff's motion for damages (D.I. 4) is construed as an amendment, adding a prayer for damages to the complaint.

4. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, the case will be closed.

                                                                    _/s/ Sue L. Robinson_
                                                                    UNITED STATES DISTRICT JUDGE