**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1431

VIVIAN R. CLARKE,
               Appellant

v.

MARK EISENHOWER; P & A ENGINEERING, and
All Properties, Affiliates, Subsidiaries,
Corporations, Subcorporations and Assets;
JUDY KITCHEN; ARTHUR C. ADAMS; BILLY BALBERSON

On Appeal From the United States District Court
For the District of Delaware
(D.C. No. 05-647)
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2006

Before: BARRY, CHAGARES AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: September 29, 2006)

OPINION

PER CURIAM

      Vivian R. Clarke appeals the order of the United States District Court for the

District of Delaware dismissing his *pro se* civil rights complaint under 28 U.S.C. §

1915(e)(2)(B) for failure to state a claim upon which relief may be granted and denying his motion for appointment of counsel. For the reasons stated below, we will affirm.

Clarke filed a civil rights action pursuant to 42 U.S.C. § 1981(a) and 42 U.S.C. § 1985(3). Although his complaint is not a model of clarity, he appears to allege that defendants wrongfully terminated his dump truck services on the basis of his nationality and/or the color of his skin. Clarke also appears to allege that an unlawful conspiracy forced him out of business, and that he cannot get contracts with other firms because of damage to his truck caused by the defendants' agent, representative and/or employee. Clarke also apparently seeks to recover for damages for acts done in furtherance of the alleged § 1985 conspiracy under 28 U.S.C. § 1343, and attempts to allege various state law claims.

Because Clarke had been granted *in forma pauperis* status, the District Court reviewed his complaint pursuant to 28 U.S.C. § 1915(e). The District Court determined that Clarke's complaint contained insufficient allegations to state a claim under § 1981(a) or § 1985(3). The District Court further reasoned that there was no basis in law or in fact for the claims against the individuals named in the caption because the complaint provided no details regarding their alleged actions. In addition, the District Court concluded that the complaint contained insufficient allegations regarding Clarke's putative state law claims. Accordingly, the District Court dismissed Clarke's complaint without prejudice on December 15, 2005. The District Court gave Clarke until January 17, 2006, to file an amended complaint. Clarke filed a notice of appeal, but did not file an

amended complaint.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Generally, "an order which dismisses a complaint without prejudice is neither final nor appealable . . . ." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Such an order becomes final and appealable, however, if the plaintiff declares his intention to stand on the complaint. Id. at 951-52. Because the District Court provided a set amount of time within which Clarke could amend his complaint, and Clarke failed to do so, Clarke has elected to stand on his complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

Our review of the District Court's dismissal of Clarke's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Id. (citation omitted). We review the District Court's denial of Clarke's motion for appointment of counsel for abuse of discretion. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

We agree with the District Court that Clarke has failed to state a claim under either § 1981 or § 1985. With respect to his claim under § 1981, Clarke does not allege facts that would support an inference that defendants intended to discriminate on the basis of race, or that discrimination concerning one or more of the activities enumerated in the statute occurred. See Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001). Further, Clarke fails to state a claim under § 1985 because he does not allege any facts

from which we can infer that defendants colluded with the requisite racial or otherwise class-based invidiously discriminatory animus to deprive Clarke of his constitutional rights. See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006). Clarke's state law claims are also pled insufficiently.

In summary, the District Court properly dismissed Clarke's complaint because it failed to state a claim upon which relief could be granted. Further, the District Court provided Clarke with the opportunity to amend his complaint, but Clarke failed to do so. The District Court did not abuse its discretion when it denied Clarke's motion for counsel.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] To the extent Clarke requests additional relief for the first time on appeal, we decline to consider those requests.